AO 241 (Rev. 01/15)  Page 2

**PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

| United States District Court | District: Southern District of Ohio, Eastern Division |
|---|---|
| Name (under which you were convicted): Elvis Henry | Docket or Case No.: 1:19-cv-411 |
| Place of Confinement: Belmont Correctional Institution | Prisoner No.: A681-842 |
| Petitioner (include the name under which you were convicted) Elvis Henry  v. | Respondent (authorized person having custody of petitioner) David W. Gray, Warden |
| The Attorney General of the State of: Ohio ||

**PETITION**

1. (a) Name and location of court that entered the judgment of conviction you are challenging:

   The Court of Common Pleas for Jefferson County, Ohio

   (b) Criminal docket or case number (if you know): 15 CR 120A

2. (a) Date of the judgment of conviction (if you know): 03/15/2016

   (b) Date of sentencing: 03/11/2016

3. Length of sentence: 14 years (11 mandatory for drug possession, three years consecutive for WUD)

4. In this case, were you convicted on more than one count or of more than one crime?  ☑ Yes  ☐ No

5. Identify all crimes of which you were convicted and sentenced in this case:

   -possession of cocaine in excess of 100 grams in violation of R.C. 2925.11(A) and R.C. 2925.11(C)(4)(f)
   with a major drug offender specification under R.C. 2941.1410(A)
   -possessing a weapon while under a disability in violation of R.C. 2923.13(A)(3)

6. (a) What was your plea? (Check one)
   ☑ (1) Not guilty  ☐ (3) Nolo contendere (no contest)
   ☐ (2) Guilty       ☐ (4) Insanity plea

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?

(c) If you went to trial, what kind of trial did you have? (Check one)

☑ Jury  ☐ Judge only

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☑ Yes  ☐ No

8. Did you appeal from the judgment of conviction?

☑ Yes  ☐ No

9. If you did appeal, answer the following:

(a) Name of court: The Ohio Court of Appeals for the Seventh District (Jefferson County)

(b) Docket or case number (if you know): 16 JE 0010

(c) Result: Affirmed

(d) Date of result (if you know): 08/31/2017

(e) Citation to the case (if you know): State v. Henry, 2017-Ohio-7505 (7th Dist., Aug. 31, 2017)

(f) Grounds raised: (1) the evidence was insufficient to support the cocaine possession verdict; (2) the cocaine possession conviction was against the manifest weight of the evidence; (3) the trial court erred by precluding introduction of evidence of the actual weight of cocaine in the controlled substance; and (4) Henry was deprived of his constitutional rights to a fair trial and due process because of cumulative error and prosecutorial misconduct

(g) Did you seek further review by a higher state court?  ☑ Yes  ☐ No

If yes, answer the following:

(1) Name of court: The Supreme Court of Ohio

(2) Docket or case number (if you know): 2017-1626

(3) Result: The Court declined to accept jurisdiction

(4) Date of result (if you know): 06/06/2018

(5) Citation to the case (if you know): State v. Henry, 2018-Ohio-2155 (LEXIS 1496)

(6) Grounds raised: (1) prosecutorial misconduct deprived petitioner of his constitutional rights; (2) the cocaine possession conviction was not supported by sufficient evidence; and (3) the cocaine possession conviction was against the manifest weight of the evidence

(h) Did you file a petition for certiorari in the United States Supreme Court? ☐ Yes ☑ No

If yes, answer the following:

(1) Docket or case number (if you know):

(2) Result:

(3) Date of result (if you know):

(4) Citation to the case (if you know):

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court? ☑ Yes ☐ No

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court: The Court of Common Pleas for Jefferson County, Ohio

(2) Docket or case number (if you know): 15 CR 120A

(3) Date of filing (if you know): 05/01/2017

(4) Nature of the proceeding: petition for post-conviction relief under R.C. 2953.21

(5) Grounds raised: (1) that trial counsel was ineffective for failing to introduce evidence at the suppression hearing to show that Henry was not the seller in the controlled purchases and that Officer Ellis made materially false and misleading statements in his affidavit presented in support of the search warrant request; (2) that trial counsel was ineffective for failing to introduce evidence at the suppression hearing and trial to demonstrate that Henry had an alibi for the controlled purchases

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?
☐ Yes ☑ No

(7) Result: motion denied

(8) Date of result (if you know): 06/14/2017

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court: The Court of Common Pleas for Jefferson County, Ohio

(2) Docket or case number (if you know):

(3) Date of filing (if you know): 02/12/2018

(4) Nature of the proceeding: motion for leave to filed delayed motion for new trial

(5) Grounds raised: [unknown at this time; not relevant for this habeas petition]

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes  ☑ No

(7) Result: motion denied

(8) Date of result (if you know): 09/11/2018

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court: N/A

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

AO 241 (Rev. 01/15)

Page 6

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

❒ Yes   ❒ No

(7) Result: _____

(8) Date of result (if you know): _____

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition:   ☑ Yes   ❒ No

(2) Second petition:  ❒ Yes   ❒ No

(3) Third petition:   ❒ Yes   ❒ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

Henry timely appealed to the Supreme Court of Ohio. That Court denied discretionary review on June June 20, 2018. See State v. Henry, 2018-Ohio-2380, 2018 Ohio LEXIS 1555 (Ohio, Jun. 20, 2018).

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

**CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

**GROUND ONE:** The Ohio courts ruled contrary to, or unreasonably applied, clearly-established Supreme Court case law, and entered a decision that was unreasonable in light of the trial record, by failing to rule that

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

insufficient evidence supported the jury finding beyond a reasonable doubt that Henry possessed 100 or more grams of cocaine found in a safe located in an upper floor of the home owned and occupied by Angela Gilliam.

On July 28, 2015, law enforcement officers executed a search warrant on Gilliam's home on North Fifth Street in Steubenville, Ohio. Officers found cocaine in a safe on an upper floor of the home. Henry was present at the time of the search but did not live at the home. Gilliam, the homeowner with a criminal record for drugs, was also charged. The trial evidence was insufficient to prove that Henry actually or constructively possessed the cocaine.

(b) If you did not exhaust your state remedies on Ground One, explain why: N/A

AO 241 (Rev. 01/15)

Page 7

(c) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue? ☑ Yes ☐ No

(2) If you did not raise this issue in your direct appeal, explain why: N/A

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes ☑ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☐ No
(4) Did you appeal from the denial of your motion or petition? ☐ Yes ☐ No
(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☐ Yes ☐ No
(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

AO 241                                                                                    Page 8
(Rev. 01/15)

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One:

**GROUND TWO:** The Ohio courts ruled contrary to, or unreasonably applied, clearly-established Supreme Court case law, and entered a decision that was unreasonable in light of the trial record, by failing to

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

find that Henry's rights to due process and a fair trial were violated by the prosecution's misconduct in vouching for the credibility of star witness Gilliam, expressing to the jury a personal belief that she was telling the truth.

Law enforcement found cocaine in a safe on an upper floor of Gilliam's home. Both Henry and Gilliam were charged with possession of the cocaine. Gilliam became the star witness against Henry, however, testifying that the drugs were not hers and that clothes found in the home and the safe were Henry's. Thus, Gilliam's credibility was the core issue for trial. With that background, the prosecutor improperly vouched for Gilliam during cross-examination of Henry and in closing argument, including telling the jury Gilliam "was telling you the truth."

(b) If you did not exhaust your state remedies on Ground Two, explain why: N/A

(c)     **Direct Appeal of Ground Two:**

        (1) If you appealed from the judgment of conviction, did you raise this issue?    ☑ Yes    ❏ No

        (2) If you did <u>not</u> raise this issue in your direct appeal, explain why:

(d)     **Post-Conviction Proceedings:**

        (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

            ❏ Yes    ☑ No

        (2) If your answer to Question (d)(1) is "Yes," state:

        Type of motion or petition:

        Name and location of the court where the motion or petition was filed:

        Docket or case number (if you know):

        Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☐ No

(4) Did you appeal from the denial of your motion or petition? ☐ Yes ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☐ Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two :

**GROUND THREE:** The Ohio courts ruled contrary to, or unreasonably applied, clearly-established Supreme Court case law, and entered a decision that was unreasonable in light of the trial record, by failing to

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

find that Henry's trial counsel was ineffective for failing to request a Franks hearing, based on available evidence, to demonstrate that Officer Thomas Ellis made materialy false/misleading statements in his affidavit and, thus, the search warrant must be invalidated and the evidence obtained as a result of the warrant suppressed.

Officer Ellis' affidavit filed in support of the request for a warrant to search of Gilliam's home contained materially false and/or misleading statements, including that Bernice Pearson assisted with controlled purchases from a named "E" at the home and that the controlled purchases occurred on July 28, 2015.

AO 241 (Rev. 01/15)

Page 10

(b) If you did not exhaust your state remedies on Ground Three, explain why: N/A

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?   ☐ Yes   ☑ No

(2) If you did not raise this issue in your direct appeal, explain why: This ineffective assistance of counsel claim, based upon evidence de hors the record at the time of the direct appeal, did not need to be raised on direct appeal and was appropriately and timely filed under R.C. 2953.21.

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes   ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Petition for post-conviction relief under R.C. 2953.21

Name and location of the court where the motion or petition was filed: The Court of Common Pleas for Jefferson County, Ohio

Docket or case number (if you know): 15 CR 120A

Date of the court's decision: 06/14/2017

Result (attach a copy of the court's opinion or order, if available): relief denied

(3) Did you receive a hearing on your motion or petition?   ☐ Yes   ☑ No

(4) Did you appeal from the denial of your motion or petition?   ☑ Yes   ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☑ Yes   ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: Ohio Court of Appeals for the Seventh District (and then the Supreme Court of Ohio)

Docket or case number (if you know): 17 JE 0018

Date of the court's decision: 02/23/2018

Result (attach a copy of the court's opinion or order, if available): denial of petition affirmed

AO 241 (Rev. 01/15)

Page 11

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three:

**GROUND FOUR:** The Ohio courts ruled contrary to, or unreasonably applied, clearly-established Supreme Court case law, and entered a decision that was unreasonable in light of the trial record, by failing to find that

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Henry's trial counsel was ineffective for not investigating Gilliam's background to uncover her prior convictions and use those prior convictions at trial to discredit her, as she was the prosecution's star witness and the case came down to her credibility.

Both Gilliam and Henry were charged with cocaine possession. Both Gilliam and Henry testified. Gilliam denied owning the drugs and claimed clothes in the home and the safe were Henry's, and thus her credibility was crucial. But defense counsel did not investigate her, determine that she had criminal past with drugs, and use that at trial.

(b) If you did not exhaust your state remedies on Ground Four, explain why: N/A

(c) **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue? ☐ Yes ☑ No

(2) If you did not raise this issue in your direct appeal, explain why: This ineffective assistance of counsel claim, based upon evidence de hors the record at the time of the direct appeal, did not need to be raised on direct appeal and was appropriately and timely filed under R.C. 2953.21.

(d) **Post-Conviction Proceedings**:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Petition for post-conviction relief under R.C. 2953.21

AO 241 (Rev. 01/15)

Page 12

Name and location of the court where the motion or petition was filed: The Court of Common Pleas for Jefferson County, Ohio

Docket or case number (if you know): 15 CRA 120A

Date of the court's decision: 06/14/2017

Result (attach a copy of the court's opinion or order, if available): relief denied

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☑ No

(4) Did you appeal from the denial of your motion or petition? ☑ Yes ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☐ Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: The Ohio Court of Appeals for the Seventh District (Jefferson County)

Docket or case number (if you know): 17JE00018

Date of the court's decision: 02/23/2018

Result (attach a copy of the court's opinion or order, if available): denial of petition affirmed

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four:

AO 241 (Rev. 01/15)

Page 13

13. Please answer these additional questions about the petition you are filing:

    (a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction? ☑ Yes ☐ No

        If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them:

    (b) Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

        No.

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition? ☐ Yes ☑ No

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available. N/A

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging? ☐ Yes ☑ No

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

AO 241 (Rev. 01/15)  Page 14

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing:   Louis Allen Friscoe, 1623 Glenn Avenue, Columbus, Ohio 43212

(b) At arraignment and plea:   N/A

(c) At trial:   Louis Allen Friscoe, 1623 Glenn Avenue, Columbus, Ohio 43212

(d) At sentencing:   Louis Allen Friscoe, 1623 Glenn Avenue, Columbus, Ohio 43212

(e) On appeal:   Bernard Battistel, 2021 Sunset Boulevard Steubenville, OH 43952

(f) In any post-conviction proceeding:   pro se

(g) On appeal from any ruling against you in a post-conviction proceeding:   pro se

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?   ☐ Yes   ☑ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?   ☐ Yes   ☐ No

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

Henry is filing this petition within the one-year statute of limitations period.

AO 241 (Rev. 01/15)  Page 15

_____

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

    (1)    A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

        (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

        (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

        (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

        (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

AO 241 (Rev. 01/15)

Page 16

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief: Henry asks the district court to reverse his cocaine possession conviction or, in the alternative, conditionally vacate that conviction and grant the state 90 days to either set a date for retrial or release Henry, or in the second alternative, vacate the conviction and remand, or any other relief to which petitioner may be entitled.

/s/ Jeffrey M. Brandt
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on _____ (month, date, year).

Executed (signed) on _____ (date).

Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.